[CHAMBERSBURG, OCTOBER 20, 1828.]

## SHERFY *against* FISHER.

### IN ERROR.

A constable is not liable to the plaintiff for not serving an execution issued by a justice, where the justice has gone to the constable and withdrawn it, in consequence of a *Certiorari* delivered to him, though no bail was entered on taking out the *Certiorari*.

WRIT of error to the Court of Common Pleas of *Franklin* county.

*Sherfy* was sued in this action for neglect of his duty as constable: and judgment was given against him in the court below on demurrer. Three executions in favour of *Fisher*, against one *John Toms*, had been issued by *N. Wilson*, Esq., a justice of the peace, and delivered by him to the defendant to be executed. The defendant had levied the executions upon the goods of *Toms*, but before

(Sherfy v. Fisher.)

any sale, *Toms* having sued out of the Court of Common Pleas three writs of *Certiorari*, and served them upon *Wilson*, the justice, he, *Wilson*, called personally upon the defendant, and recalled, and withdrew the executions.   No bail had been entered on taking out the writs of *Certiorari*, and the levies were lost.

*Dunlop*, for the plaintiff in error, admitted that, by the rule of court, and the rule of law, the *Certiorari* was no *supersedeas* in this particular case; yet the justice had authority to withdraw his executions.   If an execution happens to be irregular, or illegal; if a mistake is made, a wrong sum or date is put in, or a blank left; or if the money is afterwards paid in full to the justice; or if a *Certiorari* requires him to return the execution to court, in any of these cases he may stop the proceedings.   The plaintiff generally trusts the business altogether to the justice.   In practice the justice is very frequently called upon to withdraw an execution.   In the fee bill he is expressly allowed a fee for a *supersedeas*.   That he has authority to countermand his own orders is further shown by 1 *Strange*, 6, and 6 *Bac. Ab.* 409, 412.

*G. Chambers, contra.*—A *Certiorari* is in the nature of a writ of error.   The justice returns a copy of the judgment and execution.   Even a writ of error is no *supersedeas* without bail.   The sheriff is bound to go on.   Execution is an entire thing; and once begun, it must be completed.   The sheriff may sell after the return of his writ, and so may the constable.   The writ is his authority, but it is not necessary he should have it always with him.   If the rule of court requiring bail on a *Certiorari*, to effect a *supersedeas*, is of any validity, it must be binding on the constable and justice both, and they must be held to take notice of it; otherwise the plaintiff may be exposed to any unfair combination between the two.   Besides, here was only a taking up of the execution; nothing in the nature of a legal *supersedeas*.   He cited, as in point, *Blanchard* v. *Myers*, 9 *Johns. Rep.* 66.

The opinion of the court was delivered by

Tod, J.—We are all of opinion that the constable is not liable. There is no allegation of bad faith, or of wilful default in him. The idea that a *Certiorari* put a stop to all proceedings was probably a mistake of the justice.   Having made a record of the delivery of the executions to the constable, it was his business also to make a record of taking them back again unexecuted.   It was in effect a *supersedeas*.   He evidently intended to stop the executions.   We need not inquire whether the constable was bound at his peril to decide on the point of law; for it does not appear that the reason for the countermand was made known to him.   If the justice in any case had the power, then it would seem to follow that the obedience of the constable is excusable.   At common law a mistaken order may be countermanded.   In this commonwealth, it is believed, that after judgment is obtained, the justice usually carries

(Sherfy *v.* Fisher.)

on and superintends the collection of debts without the intervention of the plaintiff. And there are sundry occasions on which the act of assembly makes it the duty of the justice to interfere and arrest the doings of the constable, whether execution has been executed or not; as when bail is given for an appeal, or for a stay, the defendant, if he applies to the justice in twenty days, and pays the costs accrued, shall have the execution arrested and annulled, (*Purd. Dig.* p. 453, *sect.* 6.) So if, within thirty days, he shows that he was from home and could not appear on the day of hearing, or was sick, and that he has a set-off against the plaintiff's demand, (*Ibid.* p. 453, *sect.* 7;) so, without any limitation of time, if the parties agree to a rehearing.

The fault here appears to have been in the justice, and not in the constable.

Judgment reversed.